**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **SARA MARIE VIOLASSI,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.**_____ |
| | ) | |
| **INDIEFOXX, INC., and** | ) | **JURY DEMAND** |
| **JENELLE DAGRES,** | ) | |
| | ) | |
| *Defendants.* | ) | |

---

## COMPLAINT

---

Plaintiff Sara Marie Violassi ("Plaintiff"), by and through her undersigned attorney, hereby submits this Complaint against Indiefoxx, Inc. and Jenelle Dagres (together referred to hereinafter as "Defendants"), and states as follows:

### NATURE OF ACTION

1.      This is a civil action for trademark infringement arising under the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. § 1051 *et seq*., unfair competition in violation of 15 U.S.C. § 1125(a), trademark infringement and unfair competition arising under the common law of the State of Tennessee, and unfair or deceptive trade practices under TENN. CODE ANN. § 47-18-104.

### PARTIES

2.      Plaintiff is a citizen of the United States and a resident of Tennessee, residing at 3324 Lincoya Creek Drive, Nashville, Tennessee 37214.

3.     On information and belief, Indiefoxx, Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1837 20th Street, Santa Monica, California 90404.  On information and belief, Indiefoxx, Inc. is the business entity behind Defendant Jenelle Dagres.

4.     On information and belief, Defendant Jenelle Dagres is a citizen of the United States and a resident of California.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

6.     This Court has supplemental jurisdiction over the claims that arise under Tennessee law pursuant to 28 U.S.C. § 1367(a) because they are substantially related to the claims that arise under the Lanham Act of the United States.  Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate that state and federal issues be consolidated for a single trial.

7.     On information and belief, this Court has general personal jurisdiction over the Defendants based on their continuous and systematic minimum contacts with residents of Tennessee through the distribution and sale of their goods and services in Tennessee.

8.     On information and belief, this Court also has specific personal jurisdiction over the Defendants based on their purposeful direction of promotional and advertising activities, and their subsequent sales of goods and services, to residents and, on information and belief, customers in Tennessee.

9.      Furthermore, this Court has personal jurisdiction over Defendants under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq*., because, on information and belief, (1) the Defendants transacted business in Tennessee; (2) the tortious acts or omissions occurred in Tennessee; (3) the damages occurred in Tennessee to a resident of the State of Tennessee residing at 3324 Lincoya Creek Drive, Nashville, Tennessee 37214; and (4) jurisdiction based on Defendants' contacts with Tennessee (including, but not limited to, sales of goods and services) is not inconsistent with the Constitution of the State of Tennessee or the Constitution of the United States.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose and continue to occur in this District.

## FACTUAL BACKGROUND

**A.      Plaintiff and the "INDIEFOXX" Mark**

11.     Plaintiff is the owner of valid U.S. Registration No. 6,736,820 for the Service Mark INDIEFOXX in connection with "*marketing services in the nature of promotion of third-party goods and services by social media influencers; providing marketing consulting in the field of social media; on-line customer-based social media brand marketing services; online retail store services featuring clothing, t-shirts, pants, jewelry, and bags*" in Class 35 (the "Federal INDIEFOXX Registration"). The USPTO awarded Plaintiff the Federal INDIEFOXX Registration on May 24, 2022.  U.S. Registration No. 6,736,820 is filed herewith as **Exhibit A**.

12.     Plaintiff is a public figure, model, entrepreneur, content creator, and blogger who, since at least as early as May 31, 2014, has offered or provided various marketing, entertainment, social media, retail, and other goods and services under the mark INDIEFOXX (the "INDIEFOXX Mark").

13.     Since at least as early as May 31, 2014, Plaintiff has operated a number of online websites and social media accounts under the INDIEFOXX Mark in connection with Plaintiff's various marketing, entertainment, social media, retail, and other goods and services. A list of Plaintiff's online websites and social media accounts is filed herewith as **Exhibit B**.

14.     Plaintiff, in the Federal INDIEFOXX Registration, and as reflected in official United States Patent and Trademark Office ("USPTO") records, claimed a date of first use of May 31, 2014 for the INDIEFOXX Mark.

15.     Plaintiff, in the Federal INDIEFOXX Registration, and as reflected in official USPTO records, claimed a date of first use in interstate commerce of December 5, 2016 for the INDIEFOXX Mark.

16.     Plaintiff's Federal INDIEFOXX Registration serves as *prima facie* evidence of Plaintiff's exclusive right to own and use INDIEFOXX Mark in connection with the goods and services specified in the registration.

17.     Since at least December 5, 2016 Plaintiff has used the INDIEFOXX Mark continually nationwide in interstate commerce to identify her marketing, entertainment, social media, retail, and other goods and services and to distinguish her goods and services from those offered and provided by others.

18.     Plaintiff has widely advertised, promoted, and extensively offered her goods and services throughout the United States, including, without limitation, within the State of Tennessee.

19.     Plaintiff has expended considerable time, resources, and effort in promoting the INDIEFOXX Mark and developing substantial goodwill associated therewith.

20.     As such, in addition to the rights conferred upon Plaintiff by her Federal INDIEFOXX Registration, Plaintiff has further established substantial common law rights in the

INDIEFOXX Mark through Plaintiff's continuous, long-term use, and through Plaintiff's substantial investment in developing and promoting the INDIEFOXX Mark.

21. Plaintiff owns all right, interest, and title to the INDIEFOXX Mark, including all goodwill associated therewith and the right to sue for past, present, and future infringement.

22. The INDIEFOXX Mark is arbitrary and inherently distinctive when used in connection with Plaintiff's goods and services.

23. Due to Plaintiff's continual use of the INDIEFOXX Mark, the INDIEFOXX Mark has come to identify, distinguish, and indicate a single source of Plaintiff's goods and services, and the INDIEFOXX Mark represents enormous goodwill of great value belonging exclusively to Plaintiff.

**B. Defendant Jenelle Dagres' Online Career**

24. On information and belief, beginning in 2013, Defendant Jenelle Dagres operated an online website at www.jenelledagres.com where she used the mark "JENELLEDAGRES" in connection with her online content, including her blog. Information related to Jenelle Dagres' website is filed herewith as **Exhibit C**.

25. On information and belief, prior to 2017, Defendant Jenelle Dagres operated and owned a variety of online and social media accounts, including accounts on Instagram, Sound Cloud, YouTube, Twitter, Facebook, and Snapchat, all of which used the marks "JENELLECAT" and/or "JENELLEDAGRES". Information related to Jenelle Dagres' "JENELLECAT" and "JENELLEDAGRES" accounts is filed herewith as **Exhibit C**.

26. On information and belief, prior to 2017, Defendant Jenelle Dagres created a streaming channel, titled "JENELLECAT" on the popular interactive livestreaming service, Twitch.TV ("Twitch").

27. On information and belief, beginning in 2017, Defendant Jenelle Dagres began changing the account names on her social media and online accounts, including on her Instagram, Twitter, Facebook, Snapchat, and YouTube to the name "INDIEFOXX" (the "Infringing INDIEFOXX" Mark"). Information related to Jenelle Dagres' name change to "INDIEFOXX" is filed herewith as **Exhibit D**.

28. On information and belief, beginning in 2017, Jenelle Dagres began creating new online accounts, including accounts on Instagram, Twitter, Facebook, Snapchat, and YouTube, all of which utilized the Infringing INDIEFOXX Mark, or confusingly similar variations thereof.

29. On information and belief, in 2017, Jenelle Dagres created a new Twitch streaming account under the Infringing INDIEFOXX Mark, or a confusingly similar variation thereof.

30. Twitch is an American based video livestreaming service that focuses on video game livestreaming, including broadcasts of e-sports competitions, in addition to offering music broadcasts, talk show broadcasts, sports broadcasts, travel and outdoor related broadcasts, food and drink broadcasts, as well as "just chatting", or "in real life" broadcasts.

31. Individuals can create, or register for, a Twitch "user" account and can, thereafter, livestream themselves on the Twitch online platform.

32. Twitch registered "users" that engage in livestreaming are generally referred to as "streamers" whereas Twitch users that simply watch others livestream are generally referred to as "viewers".

33. Individuals can watch Twitch streamers without creating a Twitch "user" account; however, their interactions with the Twitch website and platform are severely limited.

34. Each Twitch livestream features an interactive "chatroom" whereby viewers with registered Twitch accounts can interact with each other and the Twitch streamer. Twitch viewers

with registered accounts can also talk privately to each other using the "whisper" feature, a version of private or direct messaging.

35.     There are two main types of relationships that streamers can have with Twitch as streamers attempt to monetize their Twitch channel: Affiliate Status and Partner Status.  Both statuses require that a streamer meet certain express requirements, as designated from time-to-time by Twitch.

36.     Streamers can first attain Affiliate Status, which allows the streamer to make money through subscriptions, advertisements, and "Twitch Bits", which are a form of virtual currency donation.

37.     After attaining Affiliate Status and, thereafter, meeting certain additional Twitch requirements, streamers can apply-for, and potentially obtain, Partner Status, which unlocks certain additional perks and increased monetization options.

38.     Twitch users with a registered account can pay for a "subscription" to a streamer, whereby the user agrees to pay the streamer a monthly allotted amount and, in return, the subscribed user is given "perks" which are not available to non-subscribed users or viewers.

39.     Twitch users which pay for a "subscription" are generally referred to as "subscribers."

40.     On information and belief, Defendant Jenelle Dagres primarily streamed on Twitch under the "in real life" and "just chatting" categories, and Jenelle Dagres regularly livestreamed herself on Twitch performing Autonomous Sensory Meridian Response ("ASMR") content.

41.     On information and belief, as of January 2021, Defendant Jenelle Dagres' infringing "Indiefoxx" channel had achieved Twitch Partner Status and had amassed over 3,300

subscribers which paid Jenelle Dagres a monthly allotted subscription amount in exchange for her livestreaming services.

42.     On information and belief, in January 2021, Twitch banned Defendant Jenelle Dagres' "Indiefoxx" Twitch channel for streaming herself wearing revealing clothes in a hot tub, popularly referred to as "hot-tub streams."

43.     On information and belief, in February 2021, Twitch banned Defendant Jenelle Dagres' "Indiefoxx" channel, for the second time, for streaming herself wearing lingerie and writing the names of her Twitch subscribers on her chest.

44.     On information and belief, between February 2021 and April 2021, Twitch banned Defendant Jenelle Dagres' "Indiefoxx" channel three additional times for, ultimately, pushing the boundaries of Twitch's adult-content rules and policies related to, in part and on information and belief, Jenelle Dagres' ASMR related content.

45.     On information and belief, in June 2021, Twitch banned Defendant Jenelle Dagres' "Indiefoxx" channel for a sixth and final time for, once again, violating Twitch's rules and policies and stripped Jenelle Dagres, and her "Indiefoxx" channel, of Twitch Partner Status.

46.     On information and belief, Twitch banned Defendant Jenelle Dagres' a total of six times in the span of six months between January 2021 and June 2021 which generated negative publicity and attention in relation to the Infringing INDIEFOXX Mark.  Information and news articles related to Jenelle Dagres' six total bans on Twitch is filed herewith as **Exhibit E**.

47.     On information and belief, prior to and following her final ban on Twitch, Defendant Jenelle Dagres' transitioned to using the Infringing INDIEFOXX Mark on other platforms, including Instagram, Twitter, TikTok, YouTube, Reddit, and Snapchat.

48.     On information and belief, in 2021, in order to capitalize on her sensual and adult-related content and offer further goods and services to consumers under the Infringing INDIEFOXX Mark, Defendants Jenelle Dagres and Indiefoxx, Inc. created accounts on the adult content sites of "OnlyFans" and "Fansly" under the Infringing INDIEFOXX Mark.

## C.     Defendant Indiefoxx, Inc. and the Infringing INDIEFOXX Service Mark Application

49.     On information and belief, on October 5, 2018, Jenelle Dagres formed Indiefoxx, Inc., a corporation organized and existing under the laws of the State of California.

50.     On information and belief, Jenelle Dagres currently serves as Chief Executive Officer of Indiefoxx, Inc.

51.     On information and belief, Indiefoxx, Inc. operated, and continues to operate, as the business entity behind Jenelle Dagres and her online presence.

52.     On July 22, 2021, Indiefoxx, Inc. filed an application with the USPTO to register the service mark "INDIEFOXX" for "*Entertainment services in the nature of live visual and audio performances by an influencer and lifestyle vlogger; Entertainment services in the nature of live visual and audio performances by a musician; Entertainment services in the nature of live video game performances; Entertainment services in the nature of live music performances; Entertainment services, namely, live appearances by a lifestyle vlogger and influencer; Entertainment services, namely, live appearances by a musician; Entertainment services, namely, providing video podcasts in the field of music and entertainment; Entertainment services, namely, providing video podcasts in the field of lifestyle vlogging; Educational and entertainment services, namely, a continuing program about music and art accessible by means of the internet; Educational and entertainment services, namely, a continuing program about lifestyle vlogging accessible by means of the internet*" in Class 41 (App. Serial No. 90842632) (the "Infringing

Case 3:22-cv-00487   Document 1   Filed 06/27/22   Page 9 of 21 PageID #: 9

INDIEFOXX Application"). A copy of the Infringing INDIEFOXX Application is filed herewith as **Exhibit F**.

53. According to the Infringing INDIEFOXX Application and official USPTO records, Indiefoxx, Inc. claimed a date of first use of January 5, 2017 for the Infringing INDIEFOXX Mark.

54. According to the Infringing INDIEFOXX Application and official USPTO records, Indiefoxx, Inc. claimed a date of first use in commerce of January 5, 2017 for the Infringing INDIEFOXX Mark.

55. According to official USPTO records, on April 19, 2022, the USPTO issued a Suspension Notice to Indiefoxx, Inc. informing it that the Infringing INDIEFOXX Application had been suspended because of Plaintiff's prior-pending application to register the INDIEFOXX Mark.

56. On information and belief, the Infringing INDIEFOXX Application is currently suspended.

**D.     Defendants' Infringing Acts**

57. On information and belief, beginning in 2017, Jenelle Dagres began actively changing her social media and online account names from "JENELLEDAGRES" and "JENELLECAT" to "INDIEFOXX", despite the fact that Plaintiff was the prior user of the INDIEFOXX Mark nationwide.

58. On information and belief, Defendants actively utilized, and continue to utilize, various online websites and social media platforms, including Twitch, Instagram, Twitter, TikTok, YouTube, Reddit, Snapchat, OnlyFans, and Fansly, all in connection with the Infringing INDIEFOXX Mark, to promote and sell Defendants' various marketing, entertainment, music,

social media, video, livestreaming, and other online goods and services. Screenshots of Defendants' utilization of the Infringing INDIEFOXX Mark is filed herewith as **Exhibit G**.

59.     On information and belief, Defendants' utilized, and continue to utilize, various websites and online social media platforms, including Twitch, Instagram, Twitter, TikTok, YouTube, Reddit, Snapchat, OnlyFans, and Fansly, all in connection with the Infringing INDIEFOXX Mark, to promote, and sell, Defendants' online adult and sexually related goods and services, located primarily on OnlyFans and Fansly. Screenshots of Defendants' utilization of the Infringing INDIEFOXX Mark on OnlyFans and Fansly is filed herewith as **Exhibit H**.

60.     On information and belief, Defendants' two OnlyFans accounts, which utilized the Infringing INDIEFOXX Mark, amassed, collectively, over 350,000 followers, many of whom pay monthly subscriptions to Defendants in exchange for adult-related content and services.

61.     On information and belief, Defendants' Fansly account, which utilized the Infringing INDIEFOXX Mark, amassed over 150,000 followers, many of whom pay monthly subscriptions to Defendants in exchange for adult-related content and services.

62.     The Defendants' Infringing INDIEFOXX Mark is identical to the Plaintiff's INDIEFOXX Mark.

63.     Defendants' use of the Infringing INDIEFOXX Mark in association with marketing, entertainment, social media, and other online goods and services which are, at a minimum, substantially similar to those offered by Plaintiff, is likely to create confusion among the consuming public as to source, origin, sponsorship, or affiliation with Plaintiff's Federal INDIEFOXX Registration and the Defendants' use of the Infringing INDIEFOXX Mark.

64.     Defendants' use of the Infringing INDIEFOXX Mark in association with marketing, entertainment, social media, and other online goods and services which are, at a

minimum, substantially similar to those offered by Plaintiff, has created actual consumer confusion among the consuming public as to source, origin, sponsorship, or affiliation with Plaintiff's Federal INDIEFOXX Registration and the Defendants' use of the Infringing INDIEFOXX Mark.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. § 1114

65.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 64, inclusive, and incorporates them by reference herein.

66.     As herein alleged, Plaintiff is the owner of valid U.S. Registration No. 6,736,820 for the service mark INDIEFOXX in connection with "*marketing services in the nature of promotion of third-party goods and services by social media influencers; providing marketing consulting in the field of social media; on-line customer-based social media brand marketing services; online retail store services featuring clothing, t-shirts, pants, jewelry, and bags*" in Class 35.

67.     As herein alleged, Defendants' willful, deliberate, and unauthorized use of Plaintiff's federally registered INDIEFOXX Mark, and/or marks confusingly similar thereto, has caused confusion, and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants, and their goods and services, are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

68.     As a direct and legal result of Defendants' unauthorized use of Plaintiff's federally registered INDIEFOXX Mark, including on adult and sexually related content, Defendants have

damaged, and will continue to damage, Plaintiff's goodwill and reputation, and have caused, and are likely to continue to cause, a loss of profits for Plaintiff.

69.     Defendants' actions have caused and, unless restrained or enjoined by this Court, will continue to cause, irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff's federally registered INDIEFOXX Mark.

70.     Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

71.     As a further direct and legal result of Defendants' actions, Plaintiff has been damaged, and will continue to sustain damage, and is, therefore, entitled to receive compensation arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusing, in an amount to be proven at the time of trial.

72.     In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to Plaintiff's attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.

73.     Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

74.     The damages sustained by Plaintiff as a result of the conduct alleged herein should be enhanced based on the willful nature of Defendants' conduct.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

75.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 74, inclusive, and incorporates them by reference herein.

4867-3681-5397.2

13

76. As alleged herein, Defendants' willful, deliberate, and unauthorized use of the federally registered INDIEFOXX Mark, and confusingly similar variations thereof, in connection with their purported offering of exact or substantially similar marketing, entertainment, social media, and other online goods and services has caused, and will continue to cause, false association, consumer confusion, mistake, and deception in that consumers are likely to associate and believe Defendants, and their goods and services, are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff in violation of 15 U.S.C. § 1125(a)(1)(A).

77. Defendants' willful, deliberate, and unauthorized use of the federally registered INDIEFOXX Mark in advertisements for Defendants' online accounts referenced in this Complaint constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

78. As a direct and legal result of Defendants' unauthorized use of the federally registered INDIEFOXX Mark, including on adult and sexually related content, Defendants have damaged, and will continue to damage, Plaintiff and Plaintiff's goodwill and reputation which has caused, and will likely continue to cause, a loss of profits for Plaintiff.

79. Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the federally registered INDIEFOXX Mark, unless restrained and enjoined by this Court.

80. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

81. As further direct and legal result of Defendants' actions, Plaintiff has been damaged, and will continue to sustain damage, and is, therefore, entitled to receive compensation

arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

82.     In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to Plaintiff's attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.

83.     Plaintiff is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

<u>COUNT III</u>

**COMMON LAW TRADEMARK INFRINGEMENT**

84.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 83, inclusive, and incorporates them by reference herein.

85.     As herein alleged, Defendants' willful, deliberate, and unauthorized use of Plaintiff's INDIEFOXX Mark, and/or marks confusingly similar thereto, has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants, and their goods and services, are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff.

86.     As herein alleged, Defendants' unauthorized use of the INDIEFOXX Mark, and confusingly similar variations thereof, in connection with their purported offering of exact or substantially similar marketing, entertainment, social media, and other online goods and services, jeopardizes the entire goodwill built up by Plaintiff in her INDIEFOXX Mark.

87.     By virtue of Defendants' acts hereinabove pleaded, Defendants have violated common law prohibiting trademark infringement.

88.     Defendants' actions, including Defendants' use of the Infringing INDIEFOXX Mark on adult and sexually related content, have caused, and will continue to cause, irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the INDIEFOXX Mark, unless restrained and enjoined by this Court.

89.     Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

90.     As further direct and legal result of Defendants' actions, including Defendants' use of the Infringing INDIEFOXX Mark on adult and sexually related content, Plaintiff has been damaged, and will continue to sustain damage, and is, therefore, entitled to receive compensation arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

91.     In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to Plaintiff's attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.

92.     Plaintiff is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

93.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 92, inclusive, and incorporates them by reference herein.

94.     Defendants' unauthorized use of the INDIEFOXX Mark, or confusingly similar variations thereof, has caused, and will likely continue to cause, confusion, mistake, and deception in that consumers are likely to associate and believe Defendants, and their goods and services, are

associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff.

95.     As herein alleged, Defendants' unauthorized use of the INDIEFOXX Mark, and confusingly similar variations thereof, in connection with their purported offering of exact or substantially similar marketing, entertainment, social media, and other online goods and services, jeopardizes the entire goodwill built up by Plaintiff in her INDIEFOXX Mark.

96.     By virtue of Defendants' acts hereinabove pleaded, Defendants have violated Tennessee common law prohibiting unfair competition.

97.     Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the INDIEFOXX Mark, unless restrained and enjoined by this Court.

98.     Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

99.     As further direct and legal result of Defendants' actions, including the use of the Infringing INDIEFOXX Mark on adult and sexually related content, Plaintiff has been damaged, and will continue to sustain damage, and is, therefore, entitled to receive compensation arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

100.    In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to Plaintiff's attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.

101.    Plaintiff is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

## COUNT V

### UNFAIR OR DECEPTIVE TRADE PRACTICES
### UNDER Tenn. Code Ann. § 47-18-104

102.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 101, inclusive, and incorporates them by reference herein.

103.    By virtue of its prior adoption and use in interstate commerce of the INDIEFOXX Mark, Plaintiff has acquired, established, and owns common law trademark and service mark rights in the INDIEFOXX Mark, which serves to identify to the public services that are offered by Plaintiff alone, and the services offered in connection with the mark is regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, affiliated with, or connected with Plaintiff.

104.    Defendants have adopted a name and marks that are confusingly similar to Plaintiff's INDIEFOXX Mark, and Defendants are using their name and mark in commerce in connection with the sale, offering for sale, or advertising of their social media and internet-based services, without Plaintiff's authorization, for the calculated purpose of passing off their services as those of Plaintiff, trading upon Plaintiff's significant goodwill and reputation, and deceiving the public as to the true nature and characteristics of Defendants' services.  Defendants' conduct is likely to confuse, mislead, or deceive the public as to the true source, origin, sponsorship, endorsement, connection, association, approval of, or affiliation of Defendants' services.

105.    Defendants' aforementioned conduct constitutes unfair or deceptive acts in violation of Tenn. Code Ann. § 47-18-104.

106.    Defendants' adoption and use of Plaintiff's INDIEFOXX name and marks was willful and intended for the purpose of trading on Plaintiff's reputation and goodwill.

107.    Defendants' conduct has caused and will continue to cause actual and irreparable injury to Plaintiff and to the goodwill associated with the INDIEFOXX Mark, for which Plaintiff has no adequate remedy at law.

108.    Defendants' aforementioned conduct has enabled Defendants to earn profits to which they are not in law or equity entitled, and has unjustly enriched Defendants, all to Defendants' profit and Plaintiff's damage and detriment.

109.    Plaintiff is therefore entitled to appropriate relief as prayed for hereinafter, including injunctive relief.

110.    Plaintiff is further entitled to recover its costs and reasonable attorneys' fees in an amount to be determined at trial, pursuant to TENN. CODE ANN. § 47-18-109.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged in Counts I-V of this Complaint, Plaintiff respectfully prays that this Court grant the following relief:

A.    That the Court enter a judgment in favor of Plaintiff and against Defendants as to all causes of action alleged herein, including:

1.    Defendants infringed Plaintiffs rights in the INDIEFOXX Mark in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1);

2.    Defendants engaged in unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a);

3.    Defendants infringed Plaintiff's rights in the INDIEFOXX Mark in violation of the common law of Tennessee;

4.    Defendants engaged in unfair competition in violation of the common law of Tennessee; and

5. Defendants engaged in unfair and deceptive acts in violation of TENN. CODE ANN. § 47-18-104.

B. That the Court enter permanent injunctive relief, ordering that Defendants, as well as the Defendants' officers, shareholders, directors, agents, servants, employees, attorneys, and all others in active convert or participation with Defendants now and in the future, are enjoined and restrained from:

1. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the INDIEFOXX Mark in any form, or in any manner, or otherwise infringing the INDIEFOXX Mark;

2. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the INDIEFOXX Mark in connection with any online website, domain name, or any other social media or online account which sells, offers to sell, advertises, promotes, passes off, induces, or enables others to sell, offer to sell, advertise, promote, or pass off, any goods or services similar to those offered by Plaintiff under the INDIEFOXX Mark, or any confusingly similar variations thereof;

3. Using any combination, reproduction, counterfeit, copy, or colorable imitation of the INDIEFOXX Mark in any manner likely to cause confusion, to cause mistake, or to deceive the public;

4. Committing any acts calculated to cause customers or consumers to believe that Defendants' goods or services are approved, licensed, sponsored, or endorsed by Plaintiff; and

4867-3681-5397.2

20

5.      Otherwise competing unfairly with Plaintiff in any manner, including, but not limited to, infringing usage of the INDIEFOXX Mark or any confusingly similar marks or variations thereof.

C.      Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendants be directed to deliver to Plaintiff for destruction all advertising and promotional materials, signs, business cards, and all other materials which bear the INDIEFOXX name or mark in any form, and all plates, molds, matrices, and other means of making or duplicating the same;

D.      That the Court award Plaintiff damages, an accounting of profits, and attorneys' fees and costs in an amount to be proven at the time of trial;

E.      That the Court award Plaintiff enhanced damages because of Defendants' willful and wrongful conduct;

F.      A trial by jury as to all issues; and

G.      That the Court award such further relief as is merited under law and equity.


Dated:  June 27, 2022                            Respectfully submitted:

                                                 /s/ Matthew C. Cox
                                                 Matthew C. Cox (TN Bar No. 028212)
                                                 WALLER LANSDEN DORTCH & DAVIS, LLP
                                                 511 Union Street, Suite 2700
                                                 Nashville, Tennessee 37219
                                                 Telephone: (615) 850-8136
                                                 Facsimile: (615) 244-6804
                                                 Matt.Cox@wallerlaw.com

                                                 *Attorney for Plaintiff Sara Marie Violassi*